754 So.2d 362 (2000)
STATE of Louisiana, Appellee,
v.
John Wayne NORRIS, Appellant.
No. 32,941-KA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*363 Louisiana Appellate Project by J. Wilson Rambo, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, William J. Edwards, Edwin Blewer, III, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, KOSTELKA, DREW, JJ.
KOSTELKA, J.
A unanimous jury convicted John Wayne Norris ("Norris") as charged with simple robbery, La. R.S. 14:65. After an adjudication as a fourth felony habitual offender, La. R.S. 15:529.1, Norris was sentenced to mandatory life imprisonment without benefit of parole, probation, or suspension of sentence. Norris now appeals his conviction and sentence.[1] We affirm.

FACTS
On January 31, 1998 at about 8:30 p.m., Maurice Renfro, a cab driver for the Yellow Checker Cab Company, was dispatched to the Stoner Vista Apartments in Shreveport to pick up a fare. There, Renfro picked up Norris who requested to go to Martin Luther King Drive. En route, however, Norris asked to be let out on Perrin Street, instead. After Norris exited the cab, Renfro rolled down the window and asked him for his $6.75 fare. Norris jerked open the driver's door of the cab, leaned across Renfro into the cab and began to fight with Renfro. In an attempt to protect himself and to restrain Norris, Renfro managed to hold Norris around the steering wheel, across his lap and across the front seat of the car. Somehow during the tussle, Renfro called the cab company for help on his two-way radio. Norris told the driver to "Give me your money" and managed to get $29.00 out of Renfro's left front pocket. Norris also grabbed the keys to the cab and the money clip in which Renfro kept his money. At that point during the altercation, Renfro heard sirens approaching. Norris left the cab, and ran back down Perrin Street. The fight with Norris left Renfro bleeding.
Residents of Perrin Street, Albert and Kim Jackson, were informed by a telephone call of a disturbance on their street. They went outside, and Mrs. Jackson heard the cab driver yelling, "Help. Help. Somebody help me." She went into the house to call the police. Mrs. Jackson went back outside, and saw Norris getting out of the cab while dropping money and putting the money back in his pocket. Norris then walked up the street. Mr. Jackson also saw Norris get out of the cab's driver's side door and walk up the *364 street. Both Mr. and Mrs. Jackson saw Norris try to get into a van, when the unidentified driver hit Norris and knocked him unconscious. The driver of the van left the scene. Shortly thereafter, police arrived and Mr. and Mrs. Jackson directed them to Norris, who was lying out on the street. Renfro gave a statement to the police, identifying Norris as the person who robbed him of his money. Officer Mike McConnell of the Shreveport Police recovered $29.00 from Norris and the keys and money clip were recovered near the scene. Police returned the money, keys and money clip to Renfro.

DISCUSSION

Sufficiency of The Evidence
Contesting the verdict as insufficient to prove his guilt beyond a reasonable doubt in motions for new trial and post-verdict judgment of acquittal, Norris argues that the evidence was insufficient to convict him of simple robbery.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. The facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Owens, 30,903 (La.App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App.2d Cir.04/08/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12.
Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not while armed with a dangerous weapon. La. R.S. 14:65.
Even considering minor inconsistences in witness testimony, and the lack of physical evidence, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the crime of simple robbery proven beyond a reasonable doubt. The testimony of Renfro alone is sufficient to support Norris' conviction. He clearly identified Norris as the perpetrator of the offense at the scene of the crime. Moreover, the overall testimony of the eyewitnesses corroborated Renfro's account of the incident. The jury obviously chose to accept as credible the testimony of the victim, witnesses and police officers. Considering the overwhelming evidence of guilt and the great deference given to a jury's credibility determinations, we find no error in the jury's verdict.

Habitual Offender Adjudication
In assignment of error number two, Norris argues that the evidence is legally insufficient to sustain his adjudication as a habitual offender. However, because he has failed to argue this issue in brief, it is considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writs denied, 558 So.2d 1123 (La.1990).

Excessive Sentence
In his final three assignments of error, Norris argues that the sentence imposed *365 is excessive and that the trial court failed to comply with the provisions of La.C.Cr.P. art. 894.1. Because simple robbery is a crime of violence under La. R.S. 14:2(13), the trial court sentenced Norris to mandatory life imprisonment without benefit of parole, probation or suspension of sentence pursuant to La. R.S. 15:529.1 A(1)(c)(ii).
We first note that because the trial court imposed a mandatory sentence, La. C.Cr.P. art. 894.1 factor articulation is not mandated and would be an exercise in futility. State v. Sims, 32,461 (La.App.2d Cir.10/27/99), 745 So.2d 151; State v. Koon, 31,177 (La.App.2d Cir.02/24/99), 730 So.2d 503; State v. Williams, 445 So.2d 1264 (La.App. 3d Cir.1984), writ denied, 449 So.2d 1346 (La.1984). Nevertheless, the record shows that the court considered a presentence investigation report at the motion to reconsider Norris' sentence.
Moreover, the definition of criminal conduct and the provisions of penalties for such conduct is a purely legislative function. State v. Carlos Johnson, 31,448 (La.App.2d Cir.03/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653. Pursuant to this function, the legislature enacted the habitual offender statute which has been held, on numerous occasions, to be constitutional. State v. Walter Johnson, 97-1906 (La.03/04/98), 709 So.2d 672. Since that statute in its entirety is constitutional, the minimum sentences it imposes on recidivists are presumed constitutional. Id.
Although a punishment required by statute may constitute excessive punishment, the appellate courts of this state have recognized that declaring a sentence under the Habitual Offender Law constitutionally excessive should be a rare act, not a commonplace practice. State v. Dorthey, 623 So.2d 1276 (La.1993).
In order to successfully rebut the presumption that the mandatory minimum sentence is constitutional, a defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Carlos Johnson, supra. Additionally, in determining whether Norris has met his burden, the trial judge must consider that the goals of the Habitual Offender Law are to deter and punish recidivism. Id. Finally, it must be emphasized that the departure downward from the minimum sentence prescribed under the Habitual Offender Law should occur only in rare instances. Id.
After close scrutiny of the record before us, we cannot find that Norris is the "exceptional" defendant for whom downward departure from the mandatory statutory requirement is required. This defendant's criminal history reveals a pattern of law violations beginning in 1981. The failure of prior incarceration and probationary treatment to deter Norris is evidenced by the escalation of his criminal behavior to the violent crime level. Considering these factors, we find that Norris has failed to rebut the presumption of constitutionality of the mandatory minimum sentence. The chosen sentence is both mandatory and tailored to the culpability of this offender and does not shock the sense of justice. Accordingly, the assigned error lacks merit.
Norris' conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although represented by counsel on appeal, Norris requested to file a supplemental pro se brief on July 29, 1999; on August 4, 1999, this court gave Norris a September 13, 1999 brief filing deadline. On August 9, 1999, Norris also sought writs to the Louisiana Supreme Court on this issue; that court transferred the already-granted application back to this court on September 3, 1999. This court considered that application as moot in light of the earlier order granting him relief. This court also declined a motion to extend the brief filing deadline on August 24, 1999. Norris has failed to file the supplemental brief.