823 So.2d 454 (2002)
STATE of Louisiana, Appellee
v.
Daryl D. HEARD, Appellant.
No. 36,191-KA.
Court of Appeal of Louisiana, Second Circuit.
July 17, 2002.
*455 Louisiana Appellate Project, by Peggy J. Sullivan, for Appellant.
Richard Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, Daniel W. Newell, Assistant District Attorney, for Appellee.
Before WILLIAMS, PEATROSS & DREW, JJ.
PEATROSS, J.
Defendant, Daryl D. Heard, was convicted of purse snatching and adjudicated a fourth-felony offender. He was sentenced to life imprisonment without the possibility of probation, parole or suspension of sentence. Defendant now appeals. For the reasons stated herein, we affirm.

FACTS
At approximately 9:45 p.m. on January 23, 1999, Defendant entered a convenience store called Pak-a-Bag and asked for some postage stamps. One of the employees on duty, Susan Williams, informed Defendant that the store did not have any postage stamps. After Defendant indicated that he desperately needed a postage stamp, Vickie Roberson, another employee *456 on duty, offered Defendant one of her personal stamps and retrieved her wallet. She took out her book of stamps and put her wallet under her arm. Defendant then reached across the counter, snatched Vickie's wallet, which contained approximately 65 to 70 dollars in cash, and ran out of the store. Susan pursued Defendant and saw him get into a gray Lincoln automobile with a red stripe. Vickie then telephoned the police.
After the police obtained a description of the vehicle, Officer David Morgan of the Homer Police Department stopped a vehicle matching the description of the vehicle. Officer Morgan then observed Defendant exit the car and run into the woods where Defendant was arrested and charged with purse snatching in violation of La. R.S. 14:65.1.
At the conclusion of the trial, Defendant was found guilty as charged and the State filed a bill of information charging Defendant as a fourth-felony offender. At the habitual offender hearing, the trial court found that Defendant had previously been convicted of distribution of cocaine, first degree robbery and forgery. Finding that Defendant was a fourth-felony offender, the trial court sentenced him to life imprisonment without the possibility of probation, parole or suspension of sentence in accordance with La. R.S. 15:529.1(A)(1)(c)(ii).
On appeal, Defendant assigns as error the following:
1. the trial court erred in refusing to recuse the district attorney's office;
2. the trial court erred in denying his motion to quash the habitual offender bill of information; and
3. the sentence was excessive and unconstitutional.

DISCUSSION
In his first assignment of error, Defendant argues that the district attorney should have been recused.
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;
(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigation, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
La.C.Cr.P. art. 680. The defendant bears the burden of showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Givens, 99-3518 (La.1/17/01), 776 So.2d 443.
Defendant first attempts to show a personal bias by the district attorney because the district attorney was seeking reelection and that political motivation caused him to file the habitual offender bill of information. Defendant, however, has produced no evidence showing that the district attorney's bid for re-election created a personal interest in conflict with the fair and impartial administration of justice.
Defendant further attempts to support his first assignment of error by pointing out that his case did not appear on the docket for almost two years. The record, however, reveals that, on September 20, 1999, defense counsel made a motion for *457 an extension which caused the delay of almost two years. We find, therefore, that Defendant's first assignment of error lacks merit.
In his second assignment of error, Defendant contends that the trial court erred in denying his motion to quash the habitual offender bill of information because of prosecutorial vindictiveness. A defendant has the burden of proving, by a preponderance of the evidence, the affirmative defense of prosecutorial vindictiveness. U.S. v. Krezdorn, 718 F.2d 1360 (5th Cir.1983). In that regard, the court will examine the state's actions in the context of the entire proceedings. Krezdorn, supra. The events in the case will create a presumption of vindictiveness if, to a reasonable mind, the filing of the habitual offender bill can be explained only by a desire to deter or punish the exercise of legal rights. See Krezdorn, supra; U.S. v. Esposito, 968 F.2d 300 (3d Cir.1992), cert. denied, 498 U.S. 1075, 111 S.Ct. 806, 112 L.Ed.2d 1032 (1991). Where the government's conduct, however, is equally attributable to legitimate reasons, a defendant must prove actual vindictiveness for a presumption will not apply. Esposito, supra. A mere opportunity for vindictiveness does not suffice. U.S. v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); Esposito, supra. Defendant, in the case sub judice, has produced no evidence to suggest that the State filed the habitual offender bill of information for the purpose of deterring or punishing the exercise of his legal rights.
Defendant has alleged, however, that the district attorney offered him a plea bargain and then unilaterally withdrew it. The State, on the other hand, argues that the district attorney never offered Defendant a plea bargain and always intended to file the habitual offender bill of information regardless of whether or not Defendant pled guilty. "In determining the validity of ... plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law." Givens, supra; citing State v. Louis, 94-0761 (La.11/30/94), 645 So.2d 1144. The party demanding the enforcement of a contract has the burden of proving its existence and, in the context of a plea bargain, a defendant must show that he has relinquished a fundamental right in entering into the agreement. Givens, supra. We find no evidence in the record that Defendant has proved that a plea agreement existed or that he relinquished a fundamental right; and, therefore, we find that the trial court did not err in denying the motion to quash the habitual offender bill of information.
In his third assignment of error, Defendant alleges that his sentence was excessive and unconstitutional. As stated previously, Defendant was found to be a fourth-felony offender and sentenced to life imprisonment without the possibility of parole, probation or suspension of sentence.
If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13) ... or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
La. R.S. 15:529.1(A)(1)(c)(ii). Defendant's crimes of first degree robbery and purse snatching are, pursuant to La. R.S. *458 14:2(13), crimes of violence and his conviction for distribution of cocaine, a violation of the Uniform Controlled Dangerous Substances Law, is one that is punishable for a maximum of 30 years. See La. R.S. 40:967(B)(4)(b). Since Defendant was convicted of two crimes of violence and one crime in violation of the Uniform Controlled Dangerous Substances Law, he was properly sentenced to life imprisonment without the possibility of parole, probation or suspension of sentence in accordance with La. R.S. 15:529.1(A)(1)(c)(ii).
We next discuss, however, whether or not Defendant's sentence is constitutional. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in the light of harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
The definition of criminal conduct and the provisions for penalties from such conduct is purely a legislative function. State v. Norris, 32,941 (La.App.2d Cir.3/1/00), 754 So.2d 362, writ denied, 00-1198 (La.2/16/01), 785 So.2d 838. Pursuant to this function, the legislature has enacted the habitual offender statute, which has been held to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. Thus, the mandatory life sentence imposed by La. R.S. 15:529.1 is presumptively constitutional. Johnson, supra. To rebut the presumption, a defendant must show clearly and convincingly that he is exceptional; i.e., that because of unusual circumstances, he is the victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, gravity of the offense and circumstances of the case. Johnson, supra. Although a mandatory sentence may be found constitutionally excessive, the supreme court has made it clear that such a finding should be rare, not commonplace. Dorthey, supra.
In this case, the record does not show that Defendant is "exceptional" under the test set forth in Johnson. The record reveals that Defendant has committed four felonies, two of which were crimes of violence and one of which involved a violation of the controlled dangerous substance law. The legislature's primary purpose in passing the habitual offender statute was to deter and punish those who continue to disregard the laws of this state. See Johnson, supra. Defendant's sentence does not shock the sense of justice and it is apparent that he has continued to disregard the laws of this state. We find, therefore, that Defendant has failed to rebut the presumption that his mandatory life sentence is constitutional.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Daryl D. Heard, are affirmed.
AFFIRMED.