914 So.2d 588 (2005)
STATE of Louisiana, Appellee
v.
Andy GEORGE, Appellant.
No. 39,959-KA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
Rehearing Denied December 8, 2005.
*590 Mark Daniel Frederick, Shreveport, for Appellant.
John Schuyler Marvin, District Attorney, John Michael Lawrence, Assistant District Attorney, for Appellee.
Before GASKINS, PEATROSS and LOLLEY, JJ.
GASKINS, J.
In this out-of-time appeal, the defendant, Andy George, objects to his adjudication as a third felony offender and his sentence of 60 years at hard labor. For the following reasons, we affirm the defendant's conviction as a habitual offender. We amend his sentence to vacate his previous 30-year hard labor sentence for distribution of cocaine and affirm his sentence of 60 years at hard labor for his habitual offender adjudication.

FACTS
On July 26, 2000, the defendant was found guilty by a jury of distribution of cocaine. He was sentenced to serve 30 years at hard labor. This court affirmed the conviction and sentence in State v. George, 34,621 (La.App. 2d Cir.4/4/01), 785 So.2d 975. On July 28, 2000, the state filed a bill of information charging the defendant as a multiple offender. The bill of information was amended on October 26, 2001, to charge the defendant as a third felony offender, based upon his conviction for distribution of cocaine and his prior convictions in 1987 for simple burglary and in 1994 for illegal possession of stolen things.
On February 4, 2002, a hearing was held on the habitual offender bill of information. The trial court found the defendant to be a third felony offender and "increased" his sentence from 30 years to 60 years at hard labor. The trial court advised the defendant that he had five days in which to file a notice of an appeal, and three years from the date his conviction became final to file an application for post-conviction relief.[1] The defendant did not file a timely notice of appeal.
On September 17, 2003, the defendant filed a pro se post-conviction "Writ of Habeas Corpus" raising several alleged errors in the habitual offender proceedings. On October 13, 2003, the state filed an "Answer to the Application for Post-Conviction Relief" denying all allegations raised by the defendant. The record does not show that this application was ever ruled upon.
On April 21, 2004, the defendant filed a pro se "Motion for Out of Time Appeal" asserting that he wanted to appeal the habitual offender conviction and sentence, but his court-appointed attorney failed to do so. A hearing on this motion was set for August 16, 2004, but no hearing was held.
*591 On September 17, 2004, the defendant filed a pro se writ of mandamus objecting that he was not transported to Webster Parish for the hearing in August 2004; he asked that a new hearing date be set. On November 17, 2004, this court granted the writ of mandamus for the limited purpose of transferring the matter to the district court with instructions to take appropriate action on the request for a hearing.
On November 23, 2004, the trial court granted the defendant's request for an out-of-time appeal, noting that the state did not oppose the request, therefore a contradictory hearing was not necessary.
On March 3, 2005, this court ordered the trial court to appoint appellate counsel, other than trial counsel. We also noted that the trial court may not have had authority to grant an out-of-time appeal because the motion was filed after the two-year time limit for filing post-conviction relief claims.
On August 30, 2005, this court issued an order, noting that the trial court had a hearing scheduled for September 2, 2005, on the defendant's unresolved post-conviction relief claims. In order to allow the trial court the authority to hear the matter, the docketing of the appeal was stayed and the matter was remanded to the trial court for the purpose of ruling on the pending post-conviction relief motion.
On September 7, 2005, this court recalled the order due to the inability of the Department of Corrections to transport the defendant to the district court hearing because of the emergency situation created by Hurricane Katrina. We ruled that the appellate court record provides an adequate basis for a full and fair review of the defendant's claims on appeal. We reserved to the defendant the right to seek relief on any claims raised in the pending application within the time delays and in accordance with the status governing post-conviction relief. We now consider the issues raised in the defendant's out-of-time appeal.

TIMELINESS OF APPEAL
In its brief to this court, the prosecution argues that the motion for an out-of-time appeal was not timely and should be dismissed on those grounds. This argument is not properly before the court.
La. C. Cr. P. art. 930.8 provides in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922. . . .
Several exceptions are listed which the prosecution contends do not apply. According to the state, the trial court was without jurisdiction to grant an out-of-time appeal because the application was filed beyond the two-year time limit.
As noted above, the state failed to timely seek review of the trial court's ruling granting the motion for an out-of-time appeal. In fact, the state did not oppose the application of the out-of-time appeal. Because the prosecution did not seek review of the issue in a timely fashion and raised it for the first time in its brief to this court, it is precluded from objecting to the trial court's grant of the defendant's application for an out-of-time appeal. State v. Charles, XXXX-XXXX (La.App. 3d Cir.10/2/02), 827 So.2d 553, writ denied, 2002-2707 (La.3/28/03), 840 So.2d 569.[2]

*592 PROOF OF HABITUAL OFFENDER STATUS
The defendant attacks the evidence offered to prove that he is a third felony offender. He argues that the trial court erred in allowing the introduction of probation and parole records that were not certified as to authenticity to prove his status as a habitual offender. The defendant also contends that the trial court erred in allowing two law enforcement officers to testify as experts regarding fingerprint analysis and identification. This testimony was used to show that the defendant's fingerprints and those on the prior felony bills of information are the same. These arguments are without merit.
To prove that a defendant is a habitual offender, the state must initially prove the prior felony conviction and that the defendant is the person who was convicted of the prior felony. This can be established by expert testimony matching fingerprints of the accused with those in the record of the prior proceeding. See State v. Muse, 367 So.2d 789 (La.1979). The state can also prove that the defendant was a habitual offender by the testimony of attorneys, police officers, or court officials who were involved in the prior conviction. See State v. Evans, 506 So.2d 1283 (La.App. 2d Cir.1987).

Probation and Parole Records
In connection with proving the defendant was a third felony offender, the state offered the testimony of Dan Weaver of the Minden Police Department and Judy Hough, a probation and parole officer. Detective Weaver testified that he was one of the arresting officers in the distribution of cocaine offense, as well as the offense of illegal possession of stolen things. He testified that the defendant was the person arrested and convicted for those prior offenses.
Ms. Hough testified that she supervised the defendant following his 1994 conviction for illegal possession of stolen things. Even though she brought probation and parole records to court in connection with that conviction and the defendant's 1987 conviction of simple burglary, the defendant objected to the introduction of those records into evidence. The court sustained the objection as to the 1987 records. In fact, the record on appeal shows that none of the probation and parole records were filed into evidence. The record shows that the state filed certified copies of the court minutes from the prior convictions as well as the bills of information with the defendant's fingerprints. The defendant's objection that uncertified probation and parole records were improperly introduced into evidence is unfounded.

Expert Fingerprint Evidence
The state also offered expert testimony on fingerprint analysis and identification to establish the defendant's identify as the person convicted of the prior offenses. On appeal, the defendant objects that the witnesses regarding fingerprint analysis were not qualified to testify.
Before any witness can testify as an expert, his or her competence must be established to the satisfaction of the court. A trial court has great discretion in determining the competence of an expert witness, and that determination will not be overturned absent an abuse of discretion. La. C.E. art. 702; State v. Gipson, 37,132 (La.App. 2d Cir.6/25/03), 850 So.2d 973, writ denied, 2003-2238 (La.1/30/04), 865 So.2d 75.
*593 The test of competency of an expert is his knowledge of the subject about which he is called upon to express an opinion. A combination of specialized training, work experience, and practical application of the expert's knowledge can combine to demonstrate that a person is an expert. State v. Gipson, supra.
The state called Ron Burrow and Jacob Hortman of the Webster Parish Sheriff's Office, who were accepted by the court as experts in fingerprint analysis and identification. Both officers had taken a training course in fingerprint analysis, had on-the-job training, and had previously been accepted as experts in other trial court proceedings. The trial court did not abuse its discretion in allowing the officers to testify as experts in fingerprint analysis and identification.
Based upon the direct testimony, the certified copies of court minutes, bills of information, and fingerprint evidence, the prosecution presented sufficient evidence to prove that the defendant was a third felony offender.

FAILURE TO VACATE PREVIOUS SENTENCE
The defendant argues that the trial court erred in failing to vacate his previous 30-year sentence for distribution of cocaine before imposing the 60-year sentence as a habitual offender. This argument has merit.
La. R.S. 15:529.1(D)(3) provides:
When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. [Emphasis supplied.]
Under this statute, a trial court is required to vacate the previous sentence if already imposed when the enhanced sentence is thereafter imposed for the substantive offense. State v. Hunt, 573 So.2d 585 (La.App. 2d Cir.1991). Where, as here, it is obvious that the trial court intended to increase the substantive sentence, and correction of the illegal sentence does not involve the exercise of sentencing discretion, the appellate court may amend to correct, without remanding for resentencing. La. C. Cr. P. art. 882; State v. Hunt, supra.
In this case, it is clear that the trial court intended to sentence the defendant to 60 years as a habitual offender. Accordingly, we vacate the defendant's original 30-year sentence and affirm the new habitual offender sentence of 60 years at hard labor.

ERROR PATENT
We observe that the trial court should have advised the defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. See State v. Pugh, 40,159 (La.App. 2d Cir.9/21/05), 911 So.2d 898.

CONCLUSION
For the reasons stated above, we affirm the defendant's conviction as a habitual *594 offender. We amend his sentence to vacate his previous 30-year hard labor sentence for distribution of cocaine and affirm his sentence of 60 years at hard labor for his habitual offender adjudication.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, PEATROSS, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] The correct time limitation to file for post-conviction relief was two years after the judgment of conviction and sentence have become final. La. C. Cr. P. art. 930.8.
[2] We also note that the defendant's pro se writ of habeas corpus, filed September 17, 2003, raised issues in the habitual offender adjudication and was filed within the two-year time period. This application has not been acted upon.