CRAIN, Judge.
Tony D. Carter was charged by bill of information with violation of La.R.S. 14:64, armed robbery. He pled not guilty and, after trial by jury, was convicted of the responsive offense of first degree robbery, a violation of La.R.S. 14:64.1. Subsequently, the state filed a bill of information charging defendant as a second felony offender. See La.R.S. 15:529.1. Before the habitual offender proceedings, the trial court sentenced defendant to serve a term of ten years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. After the habitual offender hearing, the trial court found defendant to be a second felony offender, vacated the original sentence, and resen-tenced him to serve a term of twenty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence and with credit for time served. Defendant has appealed, urging four assignments of error. Defendant has expressly abandoned assignments numbers one and three.
In the early morning hours of September 11, 1990, defendant stole a twelve-pack carton of beer from a Circle-K Food Store in Baton Rouge. When he entered the store, defendant raised his shirt to display the butt of a gun which was stuck in his back pocket. Comments made by defendant convinced the store clerk defendant would use the weapon if necessary to steal the beer. The clerk, Frederick Howard, recognized defendant from having seen him in the store the previous evening. On this earlier occasion, defendant grabbed two twelve-pack cartons of beer and did not pay.
After the robbery on September 11, the police were unable to identify the suspect. Over a week later, defendant returned to steal more beer during Mr. Howard’s night shift. Because the manager was counting money in the back room, Mr. Howard did not confront defendant. On September 25, 1990, Mr. Howard observed defendant in the store when he arrived at work. He immediately called the police. Before the police arrived, defendant left the store. The police arrested defendant about a block away. This case arises out of the robbery which occurred on September 11.
INTRODUCTION OF CRIMINAL CONVICTIONS TO IMPEACH
In the second assignment of error, defendant contends the trial court erred when it overruled defendant’s objection to the introduction of court minutes of defendant’s convictions. Specifically, defendant argues that, because he did not deny these convictions, the introduction of extrinsic evidence of the convictions was inadmissible under La.C.Ev. art. 609.1(C)(1).
Article 609.1(A) of the Louisiana Code of Evidence provides that “[i]n a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.” Subsection (C) further provides:
Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
(1) When the witness has denied the conviction or denied recollection thereof;
[[Image here]]
As we interpret these provisions, when a party wants to impeach a witness by introducing evidence of the fact of a conviction, the name of the offense, the date of the offense, and the sentence imposed, the par *974 ty must first question the witness concerning the conviction. Only if the witness denies the conviction may the attorney conducting the cross-examination introduce extrinsic evidence of the conviction. See also State v. Tassin, 536 So.2d 402, 408-09 & n. 15 (La.1988), cert. denied, 493 U.S. 874, 110 S.Ct. 205, 107 L.Ed.2d 159 (1989).
Defendant’s objection occurred near the conclusion of defendant’s testimony when the state introduced certified copies of court minutes showing defendant’s convictions for unauthorized use of a movable, simple criminal damage to property, and criminal trespass. Defense counsel objected on the ground defendant had admitted to having these convictions.
On direct examination, defendant testified he had been convicted of simple robbery. The implication from his testimony was that simple robbery was his only conviction. On cross-examination, he again mentioned only simple robbery when asked to list his convictions. When the prosecutor delved further, defendant admitted to a conviction for simple criminal damage to property and said the simple robbery and damage to property cases were the only convictions he remembered. When the prosecutor then questioned defendant about a conviction for unauthorized use of a movable, defendant admitted to this additional conviction and again said he did not recall any other convictions. However, after further questioning, defendant admitted pleading guilty to criminal trespass and simple criminal damage to property arising out of an arrest for simple burglary.
Because defendant initially was unable to recall each of his convictions, his responses were not “clear admissions” of the convictions. See State v. Miller, 558 So.2d 1349, 1352 (La.App. 4th Cir.), aff'd as amended, 571 So.2d 603 (La.1990). In any event, even if the trial court’s admission of the minutes was in error, the error was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The significant information contained in the minutes and bills of information is consistent with defendant’s testimony where he eventually admitted the convictions. The additional information contained in the court records includes the dates of the convictions and the sentences imposed. Thus, the minutes had no effect on the jury’s decision and had no significant bearing on the outcome of the case. See State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989) (appellate court finds that trial court’s improper admission of evidence which was corroborative and cumulative of other properly introduced testimony was harmless). See also La.C.Ev. art. 103(A)(1); State v. Connor, 403 So.2d 678, 680 (La.1981).
The assignment of error is without merit. EXCESSIVE SENTENCE
In the fourth assignment of error, defendant maintains the sentence imposed by the court was excessive. Defendant recognizes that the sentence he received was the mandatory minimum; however, defendant argues the state’s action in pursuing the habitual offender adjudication took away the trial court’s sentencing discretion and resulted in the imposition of an excessive sentence.
Defendant was convicted of first degree robbery and sentenced as a second felony habitual offender. Thus, the minimum sentence the court could impose was twenty years at hard labor without benefit of parole, probation or suspension of sentence. The maximum possible sentence was eighty years at hard labor without benefit of parole, probation or suspension of sentence. See La.R.S. 14:64.1(B) & 15:529.1(A)(1). The trial court’s imposition of the minimum sentence complies with the statutory requirements.
Defendant’s assignment of error is based upon comments made by the trial court before sentencing defendant as an habitual offender. The court disagreed with the prosecutor’s decision to charge defendant as an habitual offender and complained that, as a result, the court was required to impose a minimum sentence of twenty years at hard labor without benefit of parole, probation, or suspension of sentence. The court implied that the twenty year sentence would not rehabilitate defendant.
*975 The Habitual Offender Law (La.R.S. 15:529.1) provides enhanced penalties for multiple offenders based on repetition of criminal conduct. Multiple offender statutes consistently have withstood constitutional scrutiny. See State v. Lawson, 410 So.2d 1101, 1104 (La.1982), and cases cited therein. In particular, the Louisiana Supreme Court has upheld La.R.S. 15:529.1 against attacks that the statute deprives the trial judge of control over sentencing. State v. Badon, 338 So.2d 665, 670-71 (La.1976). Additionally, the statute is a valid limitation on the sentencing considerations listed in La.C.Cr.P. art. 894.1. Lawson, 410 So.2d at 1104. Furthermore, “the discretion to charge a defendant under the Habitual Offender Law lies with the district attorney and no one else.” State v. McFarland, 578 So.2d 1014, 1016 (La.App. 4th Cir.1991).
Accordingly, we find defendant’s argument is not supported by the case law. Additionally, we note that, when defendant committed the instant offense, he was on probation for a prior conviction of simple robbery. In addition to the convictions noted in the previous assignment, defendant had other arrests. At the trial in this case, defendant testified that he had “changed [his] life” after his prior conviction and placement on probation and he denied use of a weapon during the instant offense. However, he admitted that, although he had “changed,” he still was stealing beer from the store. He implied that he considered his conduct acceptable because other people did it also. Additionally, when he was arrested in this case, he gave a false name (his nephew’s) to the arresting officers. Defendant’s assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.