BROWN, Chief Judge.
 

 hA jury found 68-year-old defendant, Willie Mack Sigers, guilty of simple robbery, a violation of La. R.S. 14:65. Defendant was thereafter adjudicated a second felony offender and sentenced to 14 years at hard labor without benefit of parole, probation, or suspension of sentence. A timely motion to reconsider sentence was denied. Defendant’s conviction is affirmed; however, in its brief, the state recognized that the denial of parole eligibility was improper and, therefore, the sentence is amended to delete the provision denying parole.
 

 Facts
 

 On November 21, 2008, as the 80-year-old victim, Miller Wood, left the restroom at County Market in Shreveport, Louisiana, defendant pushed him and grabbed an
 
 *448
 
 envelope containing $495 from his shirt pocket. Defendant ran from the restroom. The victim, who walked with a cane, alerted store employees and several ran after defendant. When they caught up with defendant a “tussle” ensued. Defendant was detained until the police arrived. The money taken was recovered from defendant and returned to the victim.
 

 Defendant rejected a plea offer of five years at hard labor. Thereafter, a jury convicted defendant as charged. The state filed a second felony offender bill of information. After an adjudication hearing, defendant was found to be a second felony offender and was sentenced to 14 years at hard labor without benefit of parole, probation, or suspension of sentence. A timely motion to reconsider sentence was denied. Defendant appealed ^claiming his sentence was constitutionally excessive and that the prosecution’s use of the habitual offender statute was vindictive.
 

 Discussion
 

 By his first assignment of error, defendant submits that the trial court’s imposition of a 14-year sentence for simple robbery was constitutionally excessive since the facts of the present case show that the victim incurred neither injury nor loss of property, and because defendant himself is an elderly man.
 

 Prior to imposing sentence, the trial court reviewed several factors. While defendant emphasized that he had only one prior conviction for theft, the trial court found that defendant had a long criminal history over his lifetime. Defendant had approximately 20 aliases and an arrest history that dates back to the 1950s. The criminal record further shows that defendant had been arrested at least 32 times and in 10 different states. His prior arrests were for,
 
 inter alia,
 
 receiving stolen property, burglary, larceny-auto, attempted theft, simple battery, aggravated battery, flight to avoid prosecution, public drunkenness, possession of stolen credit card, larceny from a person, unlawful use of a credit card, theft of property over $500, possession of marijuana, and simple robbery.
 

 It was permissible for the trial court to consider defendant’s significant criminal history as well as the victim’s age.
 
 See State v. Jones,
 
 31,569 (La.App.2d Cir.12/09/98), 724 So.2d 810. Although it considered defendant’s age as well, the trial court noted that his age did not prevent him from committing this offense. After reviewing these and other factors, the | s trial court imposed the sentence of 14 years at hard labor without benefit of probation, parole, or suspension of sentence.
 

 We do not find that the term of this sentence is constitutionally excessive. Defendant has generally not been able to conform or adhere to the rules and regulations of society and, as such, has engaged in criminal activity since his early adulthood. Considering defendant’s history, and the circumstances of this crime, the sentence imposed is neither grossly out of proportion to the seriousness of the offense nor is it a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980).
 

 In his second assignment of error, defendant alleges prosecutorial vindictiveness. Defendant posits that since the prosecution initially offered a plea bargain of five years, it must have obviously concluded that he was not a danger to society. Thus, defendant contends, the state’s filing of the habitual offender bill of information after trial shows that he was punished more severely for exercising his right to be tried by a jury.
 

 
 *449
 
 Defendant did not specifically make this argument in the trial court but raised it for the first time on appeal.
 
 See
 
 La. C. Cr. P. art. 841;
 
 State v. Cressy,
 
 440 So.2d 141 (La.1983);
 
 State v. Sims,
 
 40,300 (La.App.2d Cir.10/26/05), 914 So.2d 594;
 
 State v. O’Neal,
 
 501 So.2d 920, 924 (La.App. 2d Cir.1987),
 
 writ denied,
 
 505 So.2d 1139 (La.1987). The defense did, however, generally object to the trial court’s habitual offender adjudication.
 

 |4Pefendant now contends the prosecutor instituted the proceedings only as a result of his exercising his right to be tried by a jury. Prior to the start of the trial, however, defense counsel placed on the record the agreement offered by the state. At that time, defense counsel stated that she had discussed with the defendant that his potential sentencing exposure, based on his prior conviction, would be 5½ to 14 years.
 
 [1]
 

 There is nothing in this record which would indicate that the prosecutor’s motive for filing the habitual offender bill of information was to deter or punish the exercise by defendant of his legal rights. A defendant has the burden of proving, by a preponderance of the evidence, the affirmative defense of prosecutorial vindictiveness.
 
 U.S. v. Krezdorn,
 
 718 F.2d 1360 (5th Cir.1983),
 
 cert. denied,
 
 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984);
 
 State v. Wilson,
 
 44,586 (La.App.2d Cir.10/28/09), 26 So.3d 210;
 
 State v. Heard,
 
 36,191 (La.App.2d Cir.7/17/02), 823 So.2d 454. The state’s actions in the context of the entire proceedings must be examined.
 
 Id.
 

 Defendant was a second felony offender. The district attorney was empowered with the discretion to file a habitual offender bill of information. An offer to a particular sentence or cap or to reduce the charge, when rejected, does not thereafter limit the breadth of the state’s case. A full prosecution of a case after a plea offer is rejected does not show prosecutorial vindictiveness.
 

 | fiIn brief, the state notes that in accordance with La. R.S. 15:529.1 G, defendant’s sentence should not have been imposed without benefit of parole, as the underlying offense, La. R.S. 14:65, does not deny parole eligibility. The correction of the defendant’s sentence would not involve the exercise of the trial court’s sentencing discretion, thus, this court may correct the sentence without remanding the matter to the trial court.
 

 Conclusion
 

 Amended, and as amended, AFFIRMED.
 

 [1]
 

 . The defense attorney misstated the potential sentence. As a second felony offender, the defendant’s sentencing exposure was 3 ½ years to 14 years. La. R.S. 14:65 and La. R.S. 15:529.1 A(2)(a).