MOORE, J.
|,After rejecting a guilty plea offer from the state that included a 10-year sentence agreement, the defendant, Christephan Wesley, was tried and convicted by a unanimous jury for attempted armed robbery with a firearm, aggravated battery and possession of a firearm by a convicted felon. The state filed an habitual offender bill, and Wesley was subsequently sentenced as a third-felony offender to concurrent sentences totaling 65 years. He now appeals, challenging the habitual offender adjudication as a product of prose-cutorial vindictiveness. Finding no merit in this allegation, we affirm the conviction and sentence.
FACTS
On November 25, 2011, Wesley tried to wrestle two pairs of jeans from the victim, Henry D. Johnson. When Johnson would not let go of the jeans, Wesley pointed a gun at Johnson and fired, hitting Johnson in the left arm. He was charged by bill of information with attempted armed robbery *1042 and aggravated second degree battery. Those charges were later amended to attempted armed robbery with a firearm, aggravated battery and possession of a firearm by a convicted felon.
Trial commenced on September 23, 2013. The record reflects that, just before trial, the state tendered a plea offer to Wesley including an agreement to a ten-year sentence, but Wesley rejected the offer. At the commencement of trial, the following exchange took place in open court:
D.A.: Your Honor, if you please, for the record, we’d just like to note that the State had made an offer to Mr. Christephan Wesley concerning this case, however, all offers have been rejected and, of course, the State removed its last offer from the table and Mr. Wesley desires to have his day in court on this matter.
_]2pourt: All right. And for the record, what was the—
D.A.; It was ten years at hard labor.
Court: Okay. That was the best offer made by the State?
D.A.: Yes, sir.
Court: Okay. And, Mr. Wesley, you rejected that; is that right?
Wesley: Yes, sir.
D.A.: And the State will announce that if Mr. Wesley is convicted in this case, we will file habitual offender proceedings against him because he turned that offer down. (Emphasis added.)
Jury trial commenced. When the jury was released on the second day of trial, the district attorney again offered Wesley a plea deal. The following exchange occurred in court:
Court: Anything we need to take up?
D.A.: One thing, Judge. I’d like the record to reflect that if Mr. Wesley is convicted as charged in this case I will file a habitual offender proceeding against him and he’s facing life in prison with four consecutive or four felonies.
Court: All right.
D.A.: I have talked with the victim and she has no problems with me saying, for today only, if Mr. Wesley pleads to possession of a firearm by a convicted felon and receives a twenty year sentence and pleads to aggravated battery and receives a ten year sentence, they can be served concurrently, then I will let him do that today only and not proceed with the habitual offender. I promise him, if he’s convicted, I will do the habitual offender. (Emphasis added.)
Court: All right. Mr. Wesley, you got that? That’s your option. You have that option on the table and I’ll give you a few minutes to talk to your lawyer or think about it if you want me to do that; that’s completely up to you.
laWesley: I’m not taking it.
Wesley was found guilty as charged. The state filed an habitual offender bill alleging that Wesley was a third-felony offender. The trial court adjudicated Wesley as a third-felony offender based upon July 26, 2006, convictions for attempted simple burglary and possession of cocaine, and a June 29, 2007, conviction of simple robbery.
On March 5, 2014, Wesley was sentenced as a third-felony offender. On count one, the conviction of attempted armed robbery with a firearm, he was sentenced to 60 years at hard labor without benefit of parole, probation, or suspension of sentence, with an additional five years’ imprisonment at hard labor for the firearm enhancement provision, to be served consecutively. On count two, the conviction of aggravated battery, he was sentenced to 20 years’ imprisonment at hard labor. *1043 Only counts one and two were enhanced. On count three, the conviction of possession of a firearm by a convicted felon, he was sentenced to 20 years’ imprisonment at hard labor. The sentences on counts two and three were ordered to be served concurrently with the sentence for count one, attempted armed robbery.
No objection to the habitual offender bill was filed. No motion to reconsider sentence was filed. This appeal ensued.
DISCUSSION
Wesley assigns one error on appeal, alleging that the habitual offender proceedings should be vacated based on the statements of the district attorney regarding his motive for filing the habitual offender bill. |4Wesley argues that the habitual offender bill was filed out of prosecutorial vindictiveness and solely for the purpose of deterring him from exercising his constitutional right to a jury trial.
The state argues that Wesley failed to raise this issue in the trial court and, therefore, is precluded from raising it on appeal. Wesley did not object to the habitual offender bill and did not file a motion to reconsider sentence. Alternatively, the state argues that there was a legitimate reason for filing the habitual offender bill: Wesley was actually a fourth-felony offender. The state urges that there was no evidence that the motive of the district attorney was to deter or punish the defendant for exercising his legal rights. Thus, Wesley has not proven prosecutorial vindictiveness.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841. This article applies to habitual offender proceedings. State v. Sanders, 39,645 (La.App. 2 Cir. 4/6/05), 900 So.2d 221, writ denied, 2005-1634 (La.2/3/06), 922 So.2d 1173; State v. Sims, 40,300 (La.App. 2 Cir. 10/26/05), 914 So.2d 594; State v. Griffin, 34,066 (La.App. 2 Cir. 11/1/00), 771 So.2d 814. However, even though Wesley did not raise an objection to the habitual offender bill in the trial court on grounds of prosecutorial vindictiveness, or raise the issue in a motion to reconsider sentence, considering the seriousness of the allegation of prosecutorial vindictiveness, we will consider the merits of his claim.
A vindictive prosecution is one in' which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right and thereby violates a defendant’s Fifth Amendment right to due process. United States v. Goodwin, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). A defendant has the burden of proving, by a preponderance of the evidence, the affirmative defense of prosecutorial vindictiveness. State v. Sigers, 45,423 (La.App. 2 Cir. 6/23/10), 42 So.3d 446; State v. Stewart, 27,049 (La.App. 2 Cir. 5/10/95), 656 So.2d 677, writs denied, 95-1764 and 95-1768 (La.12/8/95), 664 So.2d 420; U.S. v. Krezdorn, 718 F.2d 1360 (5th Cir.1983), cert. denied, 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984). A defendant may establish a vindictive prosecution either (1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness. U.S. v. Jenkins, 537 F.3d 1 (1st Cir.2008), cert. denied, Jenkins v. U.S., 555 U.S. 959, 129 S.Ct. 433, 172 L.Ed.2d 313 (2008); United States v. Marrapese, 826 F.2d 145, 147 (1st Cir.1987) (citing Goodwin, 457 U.S. at 376, 102 S.Ct. 2485, 73 L.Ed.2d 74). If a defendant raises a presumption of vindictiveness, the prosecutor may rebut the presumption by showing objective reasons for its charges. Id.
*1044 The events in the case will create a presumption of vindictiveness if, to a reasonable mind, the filing of the habitual offender bill can be explained only by a desire to deter or punish the exercise of legal rights. Id.; State v. Stewart, supra; U.S. v. Esposito, 968 F.2d 300 (3d Cir.1992). But where the government’s conduct is equally attributable to legitimate reasons, a defendant must prove actual vindictiveness for the presumption to apply. U.S. v. Esposito, supra. A mere opportunity for vindictiveness does not suffice. State v. Stewart, supra; U.S. v. Goodwin, supra; U.S. v. Esposito, supra.
The discretion to charge a defendant under the habitual offender law lies with the district attorney. State v. Carter, 610 So.2d 972, (La.App. 1st Cir.1992); see also La. R.S. 15:529.1. A defendant may be charged as an habitual offender at any time, even after conviction and sentence. La. R.S. 15:529.1(D). Thus, a district attorney has great discretionary power to file a habitual offender bill under La. R.S. 15:529.1(D), just as he has the initial unlimited power to prosecute “whom, when, and how” he chooses. La. C. Cr. P. art. 61; State v. Dorthey, 623 So.2d 1276 (La.1993). His use of the habitual offender laws simply provides an ancillary sentencing factor designed to serve important and legitimate societal purposes. See State v. Youngblood, 26,722 (La.App. 2 Cir. 12/22/94), 647 So.2d 1388, writ denied, 95-0221 (La.3/17/95), 651 So.2d 277. The use of the habitual offender law alone will not create a presumption of prosecutorial vindictiveness. State v. Wilson, 44,586 (La.App. 2 Cir. 10/28/09), 26 So.3d 210, writ denied, 2009-2655 (La.1/28/11),56 So.3d 973.
In Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (U.S.Ky.1978), the supreme court considered an allegation of prosecutorial vindictiveness arising from unsuccessful plea negotiations. The prosecutor in that case had explicitly told the defendant that if he did not plead guilty and “save the court the inconvenience and necessity of a trial,” id. at 359 n. 1, 98 S.Ct. 663, he (the prosecutor) would return to the |7grand jury to seek an additional charge under the state habitual offender statute, a charge that would increase significantly the defendant’s potential punishment. The defendant refused to plead guilty, and the prosecutor made good his threat to add habitual criminal offender charges.
On review, the supreme court held that the Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat made during plea negotiations to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged. The court acknowledged that tolerance and encouragement of the plea negotiation process is an important part of the legitimate system of criminal justice. Courts accept as constitutionally legitimate the “simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.” Id. Distinguishing these circumstances from its decisions in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (applying a presumption of vindictiveness where the trial judge, on retrial, imposed a more severe sentence upon the defendant who successfully attacked his initial conviction on appeal) and Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (applying a presumption of vindictiveness where the prosecutor reindicted — on a felony charge — a defendant originally convicted of a misdemeanor after the defendant successfully exercised his right to appeal the misdemeanor charge), the court explained that in the *1045 give-and-take of plea bargaining, “there is no such element of punishment or retaliation so long as the accused is free to accept or reject the 18prosecution’s offer.” Bordenkircher, 434 U.S. at 363, 98 S.Ct. 663, 54 L.Ed.2d 604.
In this instance, the record clearly demonstrated that Wesley was free to accept or reject the prosecution’s guilty plea offers, and he freely chose to reject those offers. Following the rationale of Bordenkircher, we hold that the prosecutor’s promise to file an habitual offender bill upon rejection of the plea offer constituted a legitimate bargaining chip in plea negotiations. Therefore, a presumption of vindictiveness is not warranted. See also, U.S. v. Jenkins, supra, (presumption of vindictiveness not warranted where prosecutor filed habitual offender bill after defendant rejected a plea offer that included agreement to not file habitual offender proceedings). Here, as in Bordenkircher, the prosecutor tried to induce a guilty plea by agreeing to a relatively light sentence and not to file an habitual offender bill, as well as, conversely, the promise to file an habitual offender bill if the offer was rejected. This was simply part of the bargaining process.
Even if we were to conclude that the prosecution’s statement in which he promised to file an habitual offender bill because of Wesley’s rejection of the plea offers created a presumption of vindictiveness, the state presented legitimate “objective reasons” for proceeding with the habitual offender charge, namely, that the defendant did in fact, commit the prior felonies for which he was convicted and which served as the basis of the habitual offender proceedings. “An offer to a particular sentence or cap or to reduce the charge, when rejected, does not thereafter limit the breadth of the state’s case.” State v. Sigers, supra. “A full prosecution of a case after a plea offer is rejected does not show prosecutorial vindictiveness.” Id.
| ^Accordingly, this assignment of error is without merit.

Eiror Patent Review

Wesley was convicted under La. R.S. 14:95.1, which provides that:
[W]hoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
In this case, Wesley was sentenced to 20 years’ imprisonment at hard labor with no fine.. The failure to impose the mandatory fine constitutes an illegally lenient sentence. However, the defendant is not prejudiced in any way by the trial court’s failure to impose the mandatory fine.
La. C. Cr. P. art. 882(A) provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. State v. Sterling, 43,540 (La.App. 2 Cir. 9/17/08), 996 So.2d 445. However, as the language is permissive, this court may decline to impose the fine. State v. Young, 46,575 (La.App. 2 Cir. 9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.3/9/12), 84 So.3d 550; State v. Jamerson, 43,822 (La.App. 2 Cir. 1/14/09), 1 So.3d 827; State v. Griffin, 41,946 (La.App. 2 Cir. 5/2/07), 956 So.2d 199. Since this court is not required to take action, the state has not objected to the error and the defendant is not prejudiced in any way by the failure to impose the mandatory fine, we decline to impose the fine. State v. Holmes, 48,535 (La.App. 2 Cir. 1/15/14), 130 So.3d 999.
*1046 CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.