# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 KA 1314

## STATE OF LOUISIANA

## VERSUS

## DEMARIO G. WARREN

*DATE OF JUDGMENT:* **JUN 1 5 2023**

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
PARISH OF WASHINGTON, STATE OF LOUISIANA
NUMBER 16 CR6 132566, DIVISION E

HONORABLE WILLIAM H. BURRIS, JUDGE

* * * * * *

Warren LeDoux Montgomery          Counsel for Appellee
District Attorney                 State of Louisiana
J. Bryant Clark, Jr.
Matthew Caplan
Assistant District Attorneys
Covington, Louisiana

Luke Lancaster
Assistant District Attorney
Franklinton, Louisiana

Gwendolyn Brown                   Counsel for Defendant-Appellant
Baton Rouge, Louisiana            Demario Warren

* * * * * *

BEFORE:  THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **HABITUAL OFFENDER ADJUDICATIONS AND SENTENCES AFFIRMED.**

**CHUTZ, J**

Defendant, Demario Warren, was charged with second-degree murder (count 1) and two counts of aggravated assault with a firearm (counts 2 & 3). He was found guilty of the responsive offense of manslaughter on count one and guilty as charged on the two counts of aggravated assault with a firearm. The defendant was adjudicated a fourth-felony habitual offender. For the manslaughter conviction, the trial court imposed an enhanced sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. For each conviction of aggravated assault with a firearm, the trial court sentenced the defendant to ten years imprisonment at hard labor. The sentences were ordered to run concurrently.

On appeal, this court affirmed the convictions and sentences for the two counts of aggravated assault with a firearm. Because the defendant was convicted of manslaughter by a non-unanimous verdict,[1] we vacated that conviction and sentence, as well as the habitual offender adjudication. The matter was remanded to the trial court. See **State v. Warren**, 2019-1410 (La. App. 1st Cir. 7/24/20), 2020 WL 4250839 (unpublished).

While the defendant's retrial on count one was pending, the State filed new habitual offender bills of information to enhance the sentences on the defendant's two convictions for aggravated assault with a firearm. Following a hearing, he was adjudicated a fourth-felony habitual offender on those convictions, and the trial court vacated the previous sentences and imposed an enhanced sentence of life imprisonment at hard labor on each conviction. See La. R.S. 15:529.1(A)(4)(b);[2] **State v. Shaw**, 2006-2467 (La. 11/27/07), 969 So.2d 1233, 1245 (there is no

---

[1] See **Ramos v. Louisiana**, __ U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

[2] This was the provision in effect at the time the defendant committed the instant offenses in May 2016. Thereafter, La. R.S. 15:529.1(A)(4)(b) was amended and redesignated as La. R.S. 15:529.1(A)(4)(c) by 2017 La. Acts, Nos. 257 and 282, §§ 1-2, effective November 1, 2017. Under La. R.S. 15:529.1(K)(1), the court shall apply the Habitual Offender Law in effect on the date the defendant's offense was committed.

2

prohibition against enhancing sentences under the Habitual Offender Law for more than one conviction obtained on the same date). The defendant filed a counseled and a pro se motion to reconsider sentence, which the trial court denied. The defendant now appeals his sentences. We affirm.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In his two related assignments of error, the defendant argues (1) the State engaged in prosecutorial vindictiveness in belatedly filing habitual offender bills of information following his successful appeal, and (2) the trial court erred in increasing his sentences without cause.

A vindictive prosecution is one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right and thereby violates a defendant's Fifth Amendment right to due process. **United States v. Goodwin**, 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982); **State v. Wesley**, 49,438 (La. App. 2d Cir. 2/26/15), 161 So.3d 1039, 1043, writ not considered, 2015-1096 (La. 3/14/16), 188 So.3d 1065. A defendant has the burden of proving the affirmative defense of prosecutorial vindictiveness by a preponderance of the evidence. **Wesley**, 161 So.3d at 1043.

The discretion to charge a defendant under the habitual offender law lies with the district attorney. **State v. Carter**, 610 So.2d 972, 975 (La. App. 1st Cir. 1992); see La. R.S. 15:529.1. A defendant may be charged as a habitual offender at any time, even after conviction and sentence. La. R.S. 15:529.1(D)(1)(a). A district attorney has great discretionary power to file a habitual offender bill under La. R.S. 15:529.1(D), just as he has the initial unlimited power to prosecute "whom, when, and how" he chooses. **State v. Dorthey**, 623 So.2d 1276, 1279 (La. 1993). His use of the habitual offender laws simply provides an ancillary sentencing factor designed to serve important and legitimate societal purposes. Furthermore, the mere use of the habitual offender law will not create a

3

presumption of prosecutorial vindictiveness. The events in the course of prosecution will create a presumption of vindictiveness only when, to a reasonable mind, the filing of the habitual offender bill can be explained only by a desire to deter or punish the defendant's exercise of legal rights. **State v. Orange**, 2002-0711 (La. App. 1st Cir. 4/11/03), 845 So.2d 570, 578, writs denied, 2003-1352 (La. 5/21/04), 874 So.2d 161 & 2003-2195 (La. 7/2/04), 877 So.2d 137.

We find no prosecutorial vindictiveness in the instant matter. The circumstances do not demonstrate the defendant was punished for the exercise of any legal right. His conviction and sentence for manslaughter were vacated pursuant to **Ramos**, and the matter was remanded to the trial court. The State chose to retry the defendant on that charge. Regardless, on the previous manslaughter conviction, the State filed a habitual offender bill of information in order to enhance the sentence for that conviction to life imprisonment. Prior to the manslaughter conviction and enhanced sentence being vacated, the State did not choose to enhance the defendant's sentences for aggravated assault with a firearm. The State had no reason to do so since it had obtained a life sentence with the enhancement of the manslaughter sentence.

Once this court vacated the life sentence on the manslaughter conviction because of a **Ramos** issue, the State sought to enhance the defendant's sentences for aggravated assault with a firearm to ensure the defendant would be sentenced to life as a fourth-felony habitual offender, as it had always intended. This action reflected prosecutorial discretion rather than vindictiveness. See **Carter**, 610 So.2d at 975. Moreover, even if we were to conclude the prosecution's subsequent filing of new habitual offender bills of information created a presumption of vindictiveness, the State had legitimate objective reasons for proceeding with the habitual offender charges. Specifically, the defendant did, in fact, commit the prior felonies for which he was convicted and which served as the basis for the habitual

4

offender proceedings. See **Wesley**, 161 So.3d at 1045.

The defendant also argues on appeal that the same trial court that imposed the original enhanced life sentence also imposed the instant enhanced life sentences and, thus, the presumption of vindictiveness should apply. In support of this proposition, the defendant cites to several cases, including **State v. Dauzart**, 2007-15 (La. App. 5th Cir. 5/15/07), 960 So.2d 1079 and **North Carolina v. Pearce**, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), <u>overruled in part by</u>, **Alabama v. Smith**, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

Generally, if a convicted defendant is successful in having his conviction overturned on appeal and is subsequently re-tried and convicted, the trial court may not then impose a more severe sentence. A defendant may not be punished for seeking appellate redress. If a trial court imposes a more severe sentence on a defendant when he is convicted following a successful appeal, the trial court's reasons for the increased sentence must affirmatively appear in the record. Otherwise, there is a presumption of vindictiveness. The purpose behind this rule is to prevent defendants from being penalized for having exercised their constitutional rights. However, the presumption of vindictiveness is inapplicable where different judges have imposed the different sentences against the defendant, because a sentence "increase" cannot truly be said to have taken place. **Dauzart**, 960 So.2d at 1086.

The defendant's reliance on **Dauzart** and **Pearce** is misplaced. The same trial court presided over the defendant's original trial and sentencing and the instant proceedings. Notwithstanding, the cases cited by the defendant indicate that a presumption of vindictiveness is triggered when the same trial court imposes a more severe sentence on a defendant after a new trial. Neither of these factors is present in the instant matter. There has been no imposition of a more severe sentence on the defendant and there has been no new sentence imposed on him

5

after a new trial. Upon remand, the trial court again adjudicated the defendant a fourth-felony habitual offender and sentenced him to a life sentence for each aggravated assault with a firearm conviction. The new enhanced sentences for these convictions were not more severe than the enhanced life sentence imposed for the defendant's manslaughter conviction. Further, the new enhanced sentences were not imposed after a new trial, since the defendant's new trial on count one had not been held at the time of the new habitual offender hearing and sentencing. Moreover, the trial court had no discretion in imposing mandatory enhanced life sentences under the Habitual Offender Law.[3]

The defendant has failed to produce any evidence of vindictiveness on the part of either the prosecution or the trial court. While the defendant's arguments seem to focus more on prosecutor ial vindictiveness, he has provided no factual basis for such a claim. Moreover, the defendant's claims as to the trial court's vindictiveness in imposing a harsher sentence on remand is not supported by the record. See **Orange**, 845 So.2d at 579-80.

These assignments of error are without merit.

**HABITUAL OFFENDER ADJUDICATIONS AND SENTENCES AFFIRMED.**

---

[3] The trial court specifically found there were no reasons to deviate from the mandatory life sentences pursuant to **Dorthey**. (R. 441-42).